PER CURIAM:
The claimants seek recovery of an award for damage to their 1996 Subaru Outback which occurred after encountering a large hole along the shoulder of Route 857 in Monongalia County. For the reasons stated below the Court is of the opinion to make an award for the claimants.
The incident giving rise to this action occurred on September 17, 1996, at approximately 8:55 p.m. The Claimants were traveling southwest on Greenbag Road (Route 857) in *30 Morgantown. The weather was dark and it was dry. Route 857 in this area is a paved two-lane road that is first priority in terms of maintenance. The evidence adduced at hearing was that as the claimants proceeded over a small hill, driver Timothy Brown steered the vehicle towards the edge of his lane to avoid traffic in the opposite lane. At that moment the vehicle dropped into a large depression along the shoulder, resulting in two flat tires and bent rims. The claimants had to buy two new wheels and tires costing a total of $425.00. The claimants’ insurance deductible was $500.00.
Testimony from the claimants indicated that the depression was approximately six inches deep and a foot wide where the pavement had eroded away. The claimants introduced photographs taken several days later, after the area had been filled in and patched. The photographs demonstrated that the patched area was of significant width and length along the shoulder, indicative of a hole of considerable dimensions. Testimony from the respondent indicated that Route 857 carries a substantial amount of heavy truck traffic, but the testimony did not establish whether there had been prior complaints of this particular road hazard.
The Court has ruled that in order to hold the respondent liable for a road defect of this type that the claimant must prove by a preponderance of the evidence that the respondent had actual or constructive notice of the defect and a reasonable opportunity to take remedial action. Hamon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986), Chapman vs. Dept. of Highways, 16 Ct Cl. 103 (1986). Ball vs. Division of Highways, (CC-94-214), unpublished opinion issued February 7, 1994. It is the opinion of the Court that the road defect giving rise to this claim was substantial in size, indicating its presence for some time. Accordingly, the Court is of the opinion that the respondent had, at a minimum, constructive notice of this defect and ample opportunity to repair same. Therefore the Court makes an award in the amount of $425.00.
Award of $425.00.